UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-Civ-23971-WILLIAMS/TORRES

FCOA, LLC,

    Plaintiff,

v.

FOREMOST TITLE &
ESCROW SERVICES, LLC.

    Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION FOR SANCTIONS

This matter is before the Court on Foremost Title & Escrow Services, LLC's ("Defendant") motion for sanctions against FCOA, LLC ("Plaintiff"). [D.E. 30]. Plaintiff responded to Defendant's motion on January 12, 2018 [D.E. 33] to which Defendant replied on January 29, 2018. [D.E. 37]. Therefore, Defendant's motion is now ripe for disposition. After careful consideration of the motion, response, and relevant authority, and for the reasons discussed below, Defendants' motion is **DENIED**.

### *I. BACKGROUND*

Prior to filing this case, Plaintiff sent Defendant a demand letter on December 15, 2016 claiming (1) that Defendant was infringing on Plaintiff's trademarks, (2) that Defendant's use of the term "foremost" in its name was likely to cause confusion

1

or mistake, and (3) that Defendant was threatening to dilute the distinctive quality of Plaintiff's trademarks. Plaintiff demanded that Defendant cancel its Florida trademark registration and remove the term "foremost" from its name. After conducting research into Plaintiff's business activities, Defendant determined that Plaintiff's business – comprised of underwriting and issuing insurance policies – was in no way similar to Defendant's business activities, which are comprised of conducting real estate closings in Miami-Dade County.

Defendant rejected Plaintiff's demand, both verbally through telephone conversations and in writing. In the written response, Defendant explained that Plaintiff's assertions were both frivolous and false. Plaintiff's former counsel allegedly told Defendant that she would advise her client that no further action would be necessary. After not hearing from Plaintiff, Defendant invested time and money developing a website to promote its services, optimized the website in order to create public awareness in Defendant's specific market, joined and attended trade associations, met with prospective clients, introduced itself to realtors, and expended financial resources and human capital in these efforts.

Thereafter, Plaintiff, through new counsel, filed this action on October 4, 2017 alleging (1) trademark infringement under 15 U.S.C. §§ 1114 and 1116, (2) unfair competition and false designation of origin under 15 U.S.C. § 1125(a), (3) dilution under 15 U.S.C. § 1125(c), (4) common law unfair competition, and (5) antidilution under section 495.151, Florida Statutes. [D.E. 1]. Plaintiff then filed a motion for

preliminary injunction on October 9, 2017 [D.E. 5]. Plaintiff's complaint alleges that Defendant provides insurance and financial services that are highly similar to the services provided by Plaintiff and that Defendant must be enjoined from continuing its unlawful activities.

## II. ANALYSIS

### A. *Rule 11 Sanctions Standard*

"Rule 11 is intended to deter claims with *no* factual or legal basis at all; creative claims, coupled even with ambiguous or inconsequential facts, may merit dismissal, but not punishment." *Davis v. Carl*, 9106 F.2d 533, 538 (11th Cir. 1990) (emphasis in original). Rule 11 sanctions are proper "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose." *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996) (quoting *Jones v. International Riding Helmets, Ltd.*, 49 F.3d 692, 694 (11th Cir. 1995)). Federal Rules of Civil Procedure 11(b)(1) and 11(b)(3) state:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation . . . (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have

3

evidentiary support after a reasonable opportunity for further investigation or discovery . . . . Fed. R. Civ. Pro. 11(b)(1), 11(b)(3).

Additionally, Federal Rule of Civil Procedure 11(c)(1) states the following:

If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Fed. R. Civ. Pro. 11(c)(1).

"In this circuit, a court confronted with a motion for Rule 11 sanctions first determines whether the party's claims are objectively frivolous—in view of the facts or law—and then, if they are, whether the person who signed the pleadings should have been aware that they were frivolous; that is, whether he would've been aware had he made a reasonable inquiry. If the attorney failed to make a reasonable inquiry, then the court must impose sanctions despite the attorney's good faith belief that the claims were sound. The reasonableness of the inquiry 'may depend on such factors as how much time for investigation was available to the signer; whether he had to rely on a client for information as to the facts underlying the [violative document]; . . . or whether he depended on forwarding counsel or another member of the bar." *Worldwide Primates, Inc.*, 87 F.3d at 695 (quoting *Mike Ousley Productions, Inc. v. WJBF-TV*, 952 F.2d 380, 382 (11th Cir. 1992)); *see also Byrne v. Nezhat*, 261 F.3d 1075, 1105 (11th Cir. 2001). "Although sanctions are warranted when the claimant exhibits a 'deliberate indifference to obvious facts,' they are not warranted when the claimant's evidence is merely weak but appears sufficient, after a reasonable inquiry, to support a claim under existing law." *Baker v. Adelman*, 158 F.3d 516, 524 (11th Cir. 1998) (citations omitted).

4

### B.  *Rule 11 Sanctions*

The gist of Defendant's motion is that this entire case violates Rule 11 because there is no likelihood of consumer confusion between the parties' marks.  Defendant argues that Plaintiff continues to allege erroneous and frivolous assertions in its motion for preliminary injunction in that the parties' logos and business are nearly identical and confusingly similar.  Defendant also claims that Plaintiff brought this suit in bad faith, without any reasonable factual basis to do so, and premised upon a legal theory with no reasonable chance of success.  Defendant argues that there is nothing to suggest that there is any likelihood of consumer confusion and that an adequate pre-suit investigation would have uncovered this fact.  Because Plaintiff has willfully abused the judicial process by conduct tantamount to bad faith sufficient to impose sanctions under Rule 11, Defendant concludes that it should be entitled to an award of attorneys' fees and costs in order – including the costs of filing its motion for sanctions – to be put back in the position it was in prior to Plaintiff's misconduct.

Defendant's motion is unpersuasive for at least two independent reasons.  First, the motion represents an improper attempt to convert a disagreement over the factual allegations and legal arguments in Plaintiff's complaint into a sanctions dispute.  Defendant's motion is merely an attempt to seek disposition on the merits of this case via Rule 11.  Yet, a Rule 11 motion is not an avenue to seek judgment on the merits of a case.  Instead, its purpose is to determine whether an attorney has abused the judicial process.  *See Bigford v. BESM, Inc.*, 2012 WL 12886184, at *2 (S.D. Fla. Oct. 12, 2012) ("Rule 11 should not be used to raise issues as to the legal

sufficiency of a claim or defense that more appropriately can be disposed of by a motion to dismiss, a motion for judgment on the pleadings, a motion for summary judgment, or a trial on the merits.'") (quoting *In re New Motor Vehicles Canadian Export Antitrust Litigation*, 244 F.R.D. 70, 74 (D. Me. 2007) (denying Rule 11 motion without prejudice to its renewal "if and when [Defendant] obtains summary judgment") (citations omitted)); *see also Safe-Strap Co., Inc. v. Koala Corp.*, 270 F. Supp. 2d 407, 417-21 (S.D.N.Y. 2003) (discussing that Rule 11 sanctions are not a substitute for motions for summary judgment).

As the plain language of Rule 11 indicates, "an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that a court document "is not being presented for an improper purpose", "the claims, defenses, and other legal contentions are warranted by existing law," and the "factual contentions have evidentiary support . . . ." Fed. R. Civ. Pro. 11(b). Instead of relying on a Rule 11 motion to dispose of this case, Defendant should have filed a dispositive motion – such as a motion to dismiss – rather than answering Plaintiff's complaint. Because Defendant relies on the wrong type of motion for the relief sought, Defendant's motion must be **DENIED**.

Second, Defendant's motion must be denied because it is premature at this stage of the litigation. As the Eleventh Circuit has found, Rule 11 sanctions are ordinarily not determined until the *end* of a case:

> Although the timing of sanctions rests in the discretion of the trial judge, it is anticipated that in the case of pleadings the sanctions issue under Rule 11 normally will be determined at the end of the litigation, and in the case of motions at the time when the motion is decided or shortly thereafter.

6

*Donaldson v. Clark*, 819 F.2d 1551, 1555 (11th Cir. 1987) (quotation marks and citation omitted). The Eleventh Circuit's position is consistent with the Rules Advisory Committee which "anticipated that in the case of pleadings the sanctions issue under Rule 11 normally will be determined at the end of the litigation. . . ." Fed. R. Civ. P. 11 (Advisory Committee Notes, 1983 Amendment); *see also Lichtenstein v. Consolidated Serv. Group, Inc.*, 173 F.3d 17, 23 (1st Cir. 1999) (emphasizing that "[c]ourts should, and often do, defer consideration of certain kinds of sanctions motions until the end of [the litigation] to gain a full sense of the case and to avoid unnecessary delay of disposition of the case on the merits. This is a sensible practice where [as here] the thrust of the sanctions motion is that institution of the case itself was improper"); *Hallwood Realty Partners, L.P. v. Gotham Partners, L.P.*, 2000 WL 528633, at *1 (S.D.N.Y. May 2, 2000) (denying Rule 11 motion without prejudice "to renewal at conclusion of litigation"); Wright and Miller, Federal Practice and Procedure: Civil 3d § 1337.1 (2004) (stating that when "the challenged conduct is the institution of the action itself . . . the question whether there has been a Rule 11 violation generally is not decided until after the litigation is completed, in order to avoid delaying the disposition of the merits of the case").

Given the facts of this case, we see no reason to deviate from the preferred practice described above. If Defendant wishes to pursue its motion for sanctions, Plaintiff must – at the very least – be given an opportunity to conduct discovery into the facts alleged in its complaint. Defendant's motion is also premature because Rule 11 contemplates a two-step, objective inquiry. *See Baker*, 158 F.3d at 524. "Applying that test is not feasible at this stage of the litigation, as it is not possible to

7

determine on this record if the allegations" in the complaint "are objectively frivolous in view of the law and facts, whether Plaintiff and its counsel should have been aware that the allegations were frivolous after making a reasonable inquiry, and whether [Plaintiff's complaint] is baseless." *KB Home v. Smith*, 2014 WL 12621583, at *2 (M.D. Fla. May 7, 2014). Because Rule 11 sanctions should ordinarily be reserved at the end of a case, Defendant's motion must be **DENIED**. *See, e.g.*, *Baker*, 158 F.3d at 523 ("Although the timing of sanctions rests in the district judge's discretion, Rule 11 sanctions 'normally will be determined at the end of litigation.'").

### III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant's motion for sanctions [D.E. 30] is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 30th day of January, 2018.

*/s/ Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge